THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYSHON WATLEY, | ) | CASE NO.:  4:09CV3021 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| C.O.  WAYLON WINE, | ) | |
| | ) | (Resolves Doc. 16) |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Vacate filed by Defendant C.O. Waylon Wine (Doc. 16).  Wine seeks to have this Court vacate its order (Doc. 5) allowing Plaintiff Rayshon Watley to proceed in forma pauperis.  Watley has responded in opposition to the motion.  The motion is GRANTED, and the complaint is dismissed without prejudice.

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding in forma pauperis.  The PLRA includes a three-strikes provision that states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings in forma pauperis ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

> While the Sixth Circuit has not defined the term imminent danger for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed. Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible).

*Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citations and quotations omitted).

Watley does not contest that he is subject to the three-strikes rule. Moreover, the undersigned has previously dismissed one of Watley's complaints under the rule. *See Watley v. Escobar*, Case No. 4:09CV3003, Doc. 6 (N.D.Ohio Apr. 22, 2010). In an attempt to avoid this result, Watley alleged in his complaint that "Wine has threatened to attack Watley again after" the incident described in the complaint. Watley's allegation is insufficient to invoke the imminent harm exception.

In his motion, Wine makes clear through affidavit that at the time of the complaint he was no longer working in an area of the prison in which he would have access to Watley. In response, Watley asserts that Wine still has the ability to make contact with him at any time based on the layout of the facility. The Court, however, need not resolve these differing views Wine's access to Watley. Like the plaintiff in *Rittner*, Watley's allegations of ongoing threats include "insufficient facts and detail to establish that he is in danger of imminent physical injury." Watley's opposition to the pending motion has done nothing to add any detail to the allegation in his complaint. As such, Watley has failed to establish any facts to support that he was in danger of being

2

harmed when he filed the complaint, let alone demonstrated a danger of *imminent* harm. Accordingly, the Court finds merit in Wine's pending motion to vacate.

Wine's motion to vacate is GRANTED. The Court's prior order permitting Watley to proceed in forma pauperis is hereby VACATED. Plaintiff's Application to Proceed In Forma Pauperis is hereby DENIED pursuant to 28 U.S.C. §1915(g), and this action is dismissed without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 14, 2010 */s/ Judge John R. Adams*
                                                                                        JUDGE JOHN R. ADAMS
                                                                                        UNITED STATES DISTRICT COURT